IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

JEAN SHEPARD, individually and on behalf of
all others similarly situated,

                              Civil Action No.:

           Plaintiff,
-against-                           **CLASS ACTION COMPLAINT**

MELVIN & MELVIN, PLLC,

           Defendant.

---

Plaintiff, JEAN SHEPARD (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant MELVIN & MELVIN, PLLC (hereinafter, "Defendant") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a law firm with its principal office located at 217 S Salina Street, 7th Floor, Syracuse, New York 13202.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that

regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to November 17, 2020, an obligation was allegedly incurred to NBT BANK, National Association ("NBT BANK").

13. The NBT BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

14. The alleged NBT BANK obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. NBT BANK is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, NBT BANK or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family medical purposes on behalf of creditors.

18. On or about November 17, 2020, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the alleged consumer debt.

20. Sometime after November 17, 2020, Plaintiff received the letter and read it.

21. The Letter provided Plaintiff with the following validation notice, in part:

    "Unless you, within (30) days after receipt of this letter, dispute the validity of this debt, or any portion thereof, this debt will be assumed to be valid by this office.

    If you notify us within said thirty (30) day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of the judgment against you and mail such verification to you.

    Upon your request within said thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor."

22. Plaintiff, as would any least sophisticated consumer, read the above language and was left to believe that she could dispute and be afforded validation rights should she dispute the debt orally.

23. Pursuant to §1692g of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

24. If a valid dispute is made (i.e. in writing) within the first thirty days, a debt collector must cease collections until validation is provided. However, no such protection is afforded

unless the dispute is made in writing.

25. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

26. Defendant confused and misled the Plaintiff by stating that they would provide her with verification of the debt and the name of the original creditor upon her request, but not specifying that her request must be in writing.

27. Defendant's failure to provide Plaintiff with the statutory information she was entitled to caused the Plaintiff real harm.

28. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which she had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that she may not have had she been given only truthful information, and by being deprived of a clear and concise understanding of their rights regarding how to dispute a debt.

29. "The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. See *Spokeo, Inc.*, 578 U.S. at ---, 136 S. Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete

injury, and thus, satisfies the injury-in-fact requirement." See *Church v. Accretive Health, Inc.*, 2016 WL 3611543 (11th Cir. July 6, 2016).

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

31. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The class consists of (a) all individuals with addresses in the State of New York (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt owed to NBT BANK (d) which fails to state that a dispute must be in writing in order for the consumer to obtain verification of the debt and/or the name of the original creditor" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

33. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e and 1692g.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts

and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692g.

   (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex

        legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

42. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. The Defendant violated said provision by using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. The Defendant violated said section by:

    - Failing to provide an accurate validation notice in violation of § 1692g(a)(4) and 1692g(a)(5).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff and the Class statutory damages;

    (b)    Awarding Plaintiff and the Class actual damages;

    (c)    Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 4, 2021

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
YZelman@marcuszelman.com
*Attorney for Plaintiff*